■ ROBERT PUTKO, Appellant-Respondent, v WILLIAM J. MICHELL, Respondent-Appellant, et al., Respondents. [628 NYS2d 131] —In an action to recover damages for defamation and the intentional infliction of emotional distress, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated September 29, 1993, as granted those branches of the defendants' respective cross motions which were for summary judgment to dismiss (a) the causes of action sounding in defamation against all of the defendants except William Michell, and (b) the causes of action sounding in intentional infliction of emotional distress, as asserted against all defendants, and (2) the defendant William Michell cross-appeals from so much of the same order as denied that branch of his motion which was to dismiss the causes of action sounding in defamation.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants payable by the plaintiff.

The Supreme Court dismissed the plaintiff's causes of action sounding in defamation against all defendants except William Michell. The court's determination was correct.

The allegedly defamatory remarks fell within the scope of the so-called "common interest privilege" *(see, Liberman v Gelstein,* 80 NY2d 429, 437; *Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 211; *Kamerman v Kolt,* 210 AD2d 454; *Buckley v O'Keefe,* 210 AD2d 195; *Williams v Tritschler,* 184 AD2d 690). Although the privilege is conditional, and can be overcome by a showing that the statements were motivated by malice *(Liberman v Gelstein, supra,* at 437), the plaintiff's submissions (except as to Michell), failed to establish triable issues of fact

with respect to the assertion that the subject communications were motivated by malice *(see, Kamerman v Kolt, supra; Buckley v O'Keefe, supra)*. As to Michell, however, we concur with the Supreme Court's determination that issues of fact were presented as to whether he acted with malice in making the subject statements *(see, Liberman v Gelstein, supra,* at 439).

Lastly, the court properly concluded that the plaintiff's allegations fail to state a cause of action for intentional infliction of emotional distress *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303; *Ruggiero v Contemporary Shells,* 160 AD2d 986; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169). Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.