■ Louis C. Papa, Appellant-Respondent, v Eileen Regan, Respondent, and Kenneth D. Burrows et al., Respondents-Appellants. [682 NYS2d 94] —In an action to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated July 31, 1991, as granted those branches of the separate motions of the defendants Eileen Regan and Kenneth David Burrows which were to dismiss any cause of action arising out of or predicated upon any communication between him, the defendant Eileen Regan, and their respective counsel, in an underlying matrimonial action, and the defendants Kenneth David Burrows and Burrows and Franzblau cross-appeal from so much of the same order as denied that branch of the motion of the defendant Kenneth David Burrows which was to dismiss the amended complaint insofar as asserted against him.

Ordered that the cross appeal of the defendant Burrows and Franzblau is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the separate motions of the defendants Eileen Regan and Kenneth

David Burrows which were to dismiss any cause of action arising out of or predicated upon any communication between the plaintiff, the defendant Eileen Regan, and their respective counsel, in an underlying matrimonial action, and substituting therefor a provision granting those motions in their entirety and thereupon dismissing the amended complaint insofar as asserted against the defendants Eileen Regan and Kenneth David Burrows; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant Kenneth David Burrows payable by the appellant-respondent.

The cross appeal of the defendant Burrows and Franzblau must be dismissed. It is not aggrieved by the order cross-appealed from since it never moved to dismiss the amended complaint insofar as asserted against it or joined in the motion of any other defendant to dismiss that amended complaint (*see,* CPLR 5511).

We agree with the Supreme Court that any communications between the plaintiff, the defendant Eileen Regan, and their respective counsels, in the underlying matrimonial action, were entitled to an absolute privilege and the causes of action asserted by the plaintiff arising out of or predicated upon those communications should be dismissed insofar as asserted against the individual defendants (*see, Goldfeder v Weiss,* 250 AD2d 731; *Zirn v Cullom,* 187 Misc 241).

In addition, we find that the remainder of the alleged defamatory statements were also entitled to an absolute privilege (*see, Campo v Rega,* 79 AD2d 626; *see also, Magnus v Anpatiellos,* 130 AD2d 719). Thus, the respective motions of the defendants Eileen Regan and Kenneth David Burrows should have been granted in their entirety. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.