■ MAXINE LEVY, Respondent, v EDUCATIONAL RECORDS BUREAU, INCORPORATED, Appellant. [703 NYS2d 129] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about September 10, 1998, which, in an action for slander and tortious interference with business relations, denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss the cause of action for slander, and otherwise affirmed, without costs.

Plaintiff alleges that she was employed to tutor a preschool-age child; that defendant administered an aptitude test to the child that is used by private schools for admissions purposes; that the child's preschool told the child's parents that the test was invalid because defendant included a statement in its written test evaluation indicating that the child had been coached by plaintiff; and that the child's parents then met with defendant, who told them that plaintiff was an "evil creature", that the parents "had fallen victim to [plaintiff's] prey", and that the test was flawed because plaintiff had "coached" the child by giving her the answers to the test. The motion court denied

defendant's motion for summary judgment dismissing plaintiff's cause of action for slander, holding that defendant's assertion that it never made the statements in question raises an issue of fact inappropriate for summary judgment treatment. While these statements, assuming they were made, would state a cause of action for slander *per se* (*see, Levy v Educational Records Bur.*, 170 AD2d 391, 392), they involve a subject on which defendant and the child's parents had a common interest, namely the integrity of the testing process and any ill effects that a flawed test might have on the child's education. In that context, the statements would be subject to the common interest qualified privilege. Significantly, the issue of that privilege was not before this Court on the prior appeal, which involved only the viability of plaintiff's pleading. However, on this appeal, from denial of the motion for summary judgment where the privilege was raised, plaintiff was obliged to present some evidence tending to show malice. Upon plaintiff's failure to make any such showing, dismissal of the slander cause of action is required (*see, Liberman v Gelstein*, 80 NY2d 429, 437-438; *Herlihy v Metropolitan Museum of Art*, 214 AD2d 250).

That branch of defendant's motion which sought dismissal of the cause of action for tortious interference with business relations was properly denied as premature on the ground that the court's timetable for plaintiff's submission of a list of actual and prospective business relationships covered by the claim had not yet expired. We have considered the parties' other contentions and find them unavailing. Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.