■ ROSE IMPALLOMENI, Appellant, v MEISELMAN, FARBER, PACKMAN & EBERZ, P. C., et al., Respondents. [708 NYS2d 459] —In an action to recover damages for defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Hughes, J.), dated December 28, 1998, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a court reporter, alleges that she was defamed by a letter sent by or on behalf of the defendants, a law firm and several attorneys at the firm. The defendants represented the plaintiffs in an unrelated negligence action entitled *Harrick v Village of Ossining*, Index No. 12832/94, in the Supreme

Court, Westchester County. After the action was settled, but prior to the filing of the stipulation of discontinuance and the distribution of the settlement proceeds, Jeffrey I. Carton, a defendant in this action, wrote a letter to the Trial Justice commenting on, *inter alia*, the conduct of the court reporter, the plaintiff in this action. The letter concluded "now that my clients have had an opportunity to share with the Court their disappointment in our legal system, we will proceed to consummate the settlement".

It is well settled that a statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (*Martirano v Frost*, 25 NY2d 505, 507; *see, Goldfeder v Weiss*, 250 AD2d 731; *Fabrizio v Spencer*, 248 AD2d 351). The negligence action had not concluded at the time the statements were written, since the stipulation of discontinuance had not been filed. Carton made several attempts to place these statements on the record, both at the settlement conference and thereafter, but was refused the opportunity. Further, by the tenor and content of the letter, it is clear that the plaintiffs in the negligence action would not finalize the settlement until their concerns and disappointments had been voiced. These factors make the statements part of the judicial proceeding, and they were pertinent to the proceeding (*see, Martirano v Frost, supra*).

Therefore, under the circumstances of this case, the Supreme Court properly concluded that the alleged defaming remarks were privileged as a matter of law and dismissed the complaint. O'Brien, J. P., S. Miller, McGinity and Smith, JJ., concur.