■ ALLENE ROBERTS, Appellant, v PHILIP MORRIS MANAGEMENT CORP., Respondent. [733 NYS2d 190] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered January 12, 2001 which, in an action for race- and gender-based employment discrimination, retaliatory discharge and defamation, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an African-American, was employed by defendant for more than 20 years, receiving favorable performance reviews and rising to a Manager's position in the Public Programs section, but her effort to obtain a Director's position in defendant's Washington, D.C. office was not successful. After defendant received an anonymous letter detailing alleged expense account and other financial abuses by members of the Public Programs section, a special audit of the entire section was undertaken. The audit found that plaintiff had abused her expense and travel account privileges and steered a contract to a company represented by her husband, for which he received a $9,500 commission, in violation of defendant's conflict of interest policy. Days after plaintiff filed the instant action alleging discrimination based on her failure to get the Washington position, the auditors recommended termination for plaintiff and one other section member and lesser sanctions for other section members. While temporal proximity may suffice to satisfy plaintiff's prima facie burden to show a causal connection between her filing of the complaint and her termination (*see, Cifra v General Elec. Co.,* 252 F3d 205, 217), her evidence of pretext is insufficient to permit an inference of discrimination sufficient to defeat the summary judgment motion (*see, Scott v Citicorp Servs.,* 91 NY2d 823; *Abdu-Brisson v Delta Air Lines,* 239 F3d 456, 469-470; *Weinstock v Columbia Univ.,* 224 F3d 33, 42). In this regard, the record is devoid of

evidence that the audit was directed at plaintiff because of her race or gender or as a pretext for her eventual termination, and is replete with evidence that plaintiff's misconduct, and uncooperativeness and indeed lack of candor with the auditors, exceeded that of section members who were not terminated. In addition, plaintiff acknowledged that a specific directorship position in Washington was not available at the time she requested it (*see, Brown v Coach Stores,* 163 F3d 706, 710), and failed to adduce evidentiary support for her allegation of disparate treatment of African-Americans with respect to promotion to high-level positions (*see, Halbrook v Reichhold Chems.,* 766 F Supp 1290, 1301-1302, *affd* 956 F2d 1159). Defendant's statement that plaintiff "personally engaged in egregious practices and activities that are simply not consistent with our Company's policies," made in a letter responding to a letter from a caucus of African-American State legislators accusing defendant of discriminating against plaintiff, was protected by a qualified privilege (*see, Loughry v Lincoln First Bank,* 67 NY2d 369, 376) that plaintiff failed to counter with any evidence of malice (*see, Liberman v Gelstein,* 80 NY2d 429, 438-439). We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.