■ Paul Bogoni, Respondent, v Barbara Simpson, Appellant. [760 NYS2d 497] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered August 13, 2002, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

A tenant who posts a notice in her building complaining about the landlord's conduct is entitled to the protection of a qualified privilege, even if it turns out that her assertions are inaccurate; the privilege may only be defeated by an evidentiary showing tending to demonstrate that the defendant made the communication with malice. There being nothing in the record tending to demonstrate any motivation on the tenant's part besides ignorance, this action should have been dismissed.

Plaintiff Paul Bogoni is the managing agent for an apartment building located at 251 West 92nd Street in Manhattan. The basis for his claim of libel against building tenant Barbara Simpson is the notice she posted in the elevator of the building, which reads as follows:

"Warning Warning Warning Warning

"Do you have a key downstairs? Did you ever consider your landlord would go into your apartment when you are not there, without asking permission, or communicating in any way? He did and was caught."

Plaintiff asserts that while he was apparently observed entering the apartment of a tenant without prior permission, he did so properly, in order to make an emergency repair of a leaking water pipe. He claims that the notice posted by defendant exposed him to public contempt, ridicule, aversion or disgrace, and damaged his reputation with the other tenants and with his supervisors.

We recognize that the notice may be read to imply that the person in question did something improper; indeed, Ms. Simpson would not have posted a notice at all if she did not feel the need to warn her fellow tenants of something she believed to be improper. Further, Mr. Bogoni's assertion that a reader of the notice would understand that it referred to him is clearly one that could only be resolved at trial.

However, the notice in question was directed by Ms. Simpson toward her fellow tenants, who all have a common concern for the security and privacy of their apartments, and who

might, like her, be shocked to discover that the landlord's agent would enter an apartment without prior notice if he considered the circumstances to constitute an emergency. Because it was on a subject of common concern and interest, her notice is entitled to a qualified privilege (*see Foster v Churchill,* 87 NY2d 744, 751 [1996], citing *Liberman v Gelstein,* 80 NY2d 429 [1992]).

While the defense of qualified privilege may be defeated by a showing tending to demonstrate that the defendant spoke with malice (*see Foster v Churchill* at 752), plaintiff offered no evidence here regarding Ms. Simpson's motivation, aside from the notice itself. The words of the notice alone are insufficient to satisfy plaintiff's burden of making a prima facie showing that they were made with spite or ill will, a high degree of awareness of their probable falsity, or with a reckless disregard for the truth (*see Liberman v Gelstein,* 80 NY2d 429, 439 [1992]; *Russ v State Empls. Fed. Credit Union,* 298 AD2d 791, 793 [2002]; *Roberts v Philip Morris Mgt. Corp.,* 288 AD2d 166, 167 [2001]; *Levy v Educational Records Bur.,* 269 AD2d 277, 278 [2000], *lv dismissed* 95 NY2d 790 [2000]).

Plaintiff's suggestion that Ms. Simpson must have known that the entry into the apartment was due to an emergency and was therefore proper is simply insufficient to demonstrate malice. As the Court of Appeals explained in *Liberman v Gelstein,* "there is a critical difference between not knowing whether something is true and being highly aware that it is probably false. Only the latter establishes reckless disregard in a defamation action" (80 NY2d at 438). Nothing in the record here tends to establish that Ms. Simpson was highly aware of the probable falsity of her implication that the agent's entry into the apartment was improper. Indeed, it is unreasonable to attribute malice to Ms. Simpson based solely upon the language of the notice, when the most likely inference to be made from the notice itself is that Ms. Simpson harbored the misapprehension that it was simply improper for the landlord's agent to enter an apartment without prior notice to the tenant, and was unaware that there are circumstances under which such entry is permissible.

A tenant's harsh, yet ill-informed complaint about the landlord, directed toward other tenants, should not be sufficient by itself to form the basis for a defamation action and a possible award of damages. Accordingly, the action should have been dismissed. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.