■ JEFFREY RABIEA, Appellant, v ALAN C. STEIN et al., Respondents. [893 NYS2d 224]—

A statement made by counsel during a judicial proceeding, even if made with malice or bad faith, is protected by absolute privilege as long as the statement may, in some way, be considered pertinent to the litigation (*see Sexter & Warmflash, P.C. v Margrabe,* 38 AD3d 163, 171 [2007]; *see also Martirano v Frost,* 25 NY2d 505, 507 [1969]; *Impallomeni v Meiselman, Farber, Packman & Eberz,* 272 AD2d 579 [2000]). Here, accept-

ing the allegations in the complaint as true and resolving all inferences in favor of the plaintiff (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the complaint fails to state a cause of action against the defendants to recover damages for defamation, as the statements in issue were made between counsel in a judicial proceeding as a pertinent part of settlement negotiations and therefore are protected by an absolute privilege (*see Papa v Regan,* 256 AD2d 452 [1998]; *Vodopia v Ziff-Davis Publ. Co.,* 243 AD2d 368 [1997]; *Sexter & Warmflash, P.C. v Margrabe,* 38 AD3d at 176-178; *Grasso v Mathew,* 164 AD2d 476 [1991]).

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Fisher, Belen and Austin, JJ., concur. **[Prior Case History: 21 Misc 3d 1149(A), 2008 NY Slip Op 52567(U).]**