■ ANTHONY COLANTONIO, Respondent, v MERCY MEDICAL CENTER et al., Appellants. [901 NYS2d 370]—

In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered December 8, 2008, which denied their motion for summary judgment dismissing the amended complaint and for an award of costs, sanctions, and an attorney's fee, and granted the plaintiff's application to seal the record.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the plaintiff's application to seal the record is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first, sixth, seventh, ninth, tenth, and seventeenth causes of action, and so much of the second and third causes of action as alleged that the defendant Gregory Zito made statements that the plaintiff "has poor judgment," so much of the fifth cause of action as alleged that the defendant Xenophon Xenophontos made statements that the plaintiff "is belligerent and very unreasonable," cannot be interacted with, is "not stable," is "inappropriate," and "attacks doctors in the charts," so much of the eighth cause of action as alleged that the defendant Joel Yohai made statements that the plaintiff "has poor clinical judgment" and "a behavioral problem," "creates havoc in the ICU," and "uses

the charts to attack doctors," so much of the eleventh cause of action as alleged that the defendant Roy Rubenstein made statements that the plaintiff "has poor judgment," is "bizarre," is "inappropriate" and "doesn't listen," and that "[the defendants] can't work with him," so much of the twelfth cause of action as alleged that the defendant Joseph Sharkey made statements that the plaintiff created an "uncomfortable environment," and so much of the fourteenth cause of action as alleged that the defendant Susan Christoffers made statements that the plaintiff has "been unreasonable," "can be crazy," that "a lot of nurses don't like him," and that the plaintiff "shouldn't be working here," and substituting therefor a provision granting those branches of the motion; and (2) by deleting the provision thereof granting the plaintiff's application to seal the record and substituting therefor a provision denying the plaintiff's application; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for reconsideration of whether good cause exists to seal the record, in whole or in part, and a new determination in accordance herewith.

On February 6, 2008, the plaintiff, a physician, commenced this action asserting 18 different causes of action to recover damages for defamation, which were based on allegations of false complaints and statements made by certain personnel at Mercy Medical Center (hereinafter Mercy). These complaints led Mercy's administrators to call a meeting of its Credentials Committee (hereinafter the Committee) so that action could be taken to correct the plaintiff's allegedly disruptive behavior, which was affecting the quality of patient care. At the meeting, medical personnel allegedly provided false information about the plaintiff. The false complaints and false information allegedly were made in retaliation for complaints the plaintiff has lodged against certain personnel. At the conclusion of the meeting, the Committee unanimously recommended to Mercy's Executive Committee (hereinafter MEC) suspension of the plaintiff's privileges. Thereafter, MEC, by a vote of 18 to 3, recommended termination of the plaintiff's privileges. Following the filing of the plaintiff's complaint, Mercy and various staff members held a press conference, disseminated a memorandum, and published a newspaper advertisement, which the plaintiff alleged defamed him, leading him to file an amended complaint adding five defendants and four causes of action. Before any discovery occurred, the defendants moved for summary judgment dismissing the amended complaint and for an award of costs, sanctions, and an attorney's fee.

In determining whether a statement is pure opinion, a ques-

tion of law for the court (*Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US —, 129 S Ct 1315 [2009]), the "factors to be considered are: (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Brian v Richardson*, 87 NY2d 46, 51 [internal quotation marks omitted]). Here, the first, sixth, seventh, ninth, tenth, and seventeenth causes of action, which include allegations of statements that the plaintiff was an imminent danger to patients and created havoc in the ICU, that there was something wrong with the plaintiff, and that a doctor could not work with the plaintiff, all constituted nonactionable expressions of opinion (*see Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 AD3d 626, 627 [2008]; *Leone v Rosenwach*, 245 AD2d 343 [1997]; *Ott v Automatic Connector*, 193 AD2d 657 [1993]; *Miller v Richman*, 184 AD2d 191, 193 [1992]; *Williams v Varig Brazilian Airlines*, 169 AD2d 434 [1991]; *Hollander v Cayton*, 145 AD2d 605 [1988]). Additionally, the following constituted nonactionable expressions of opinion: so much of the second and third causes of action as alleged that the defendant Gregory Zito made statements that the plaintiff "has poor judgment," so much of the fifth cause of action as alleged that the defendant Xenophon Xenophontos made statements that the plaintiff "is belligerent and very unreasonable," cannot be interacted with, is "not stable," is "inappropriate," and "attacks doctors in the charts," so much of the eighth cause of action as alleged that the defendant Joel Yohai made statements that the plaintiff "has poor clinical judgment" and "a behavioral problem," "creates havoc in the ICU," and "uses the charts to attack doctors," so much of the eleventh cause of action as alleged that the defendant Roy Rubenstein made statements that the plaintiff "has poor judgment," is "bizarre," is "inappropriate" and "doesn't listen," and that "[the defendants] can't work with him," so much of the twelfth cause of action as alleged that the defendant Joseph Sharkey made statements that the plaintiff created an "uncomfortable environment," and so much of the fourteenth cause of action as alleged that the defendant Susan Christoffers made statements that the plaintiff has "been unreasonable," "can be crazy," that "a lot of nurses don't like him," and that the plaintiff "shouldn't be working here."

Insofar as the defendants contend they were entitled to sum-

mary judgment dismissing the remaining portions of the first 18 causes of action on the grounds that they were subject to the qualified privileges of common interest (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Hollander v Cayton*, 145 AD2d at 606), state statutory law (*see* Public Health Law § 2805-j [2]; § 2805-m [3]; Education Law § 6527 [3], [5]), and Mercy's bylaws, the defendants satisfied their prima facie burden establishing their entitlement to judgment as a matter of law. However, in opposition, the plaintiff raised a triable issue of fact as to whether the statements were made with malice (*see Kehm v Murtha*, 286 AD2d 421, 422 [2001]; *Putko v Michell*, 215 AD2d 638, 638-639 [1995]; *O'Neil v Peekskill Faculty Assn.*, 120 AD2d 36, 43 [1986]).

The plaintiff also raised a triable issue of fact as to whether, at the meeting of the Committee, some defendants knowingly provided false information (*see* 42 USC § 11111 [a] [2]). Consequently, at this juncture, the defendants were not entitled to immunity from an action to recover damages under the Health Care Quality Improvement Act (*see* 42 USC § 11111 [a] [1]; *Jenkins v Methodist Hosps. of Dallas, Inc.*, 2004 WL 3393380, \*15-16, 2004 US Dist LEXIS 28094, \*47 [ND Tex 2004], *affd* 478 F3d 255 [2007], *cert denied* 552 US 825 [2007]; *Manion v Evans*, 1991 WL 575715,\*18-19, 1991 US Dist LEXIS 14986, \*51 [ND Ohio 1991], *cert denied sub nom. Lima Memorial Hosp. v Manion*, 510 US 818 [1993]).

The defendants' contention regarding waiver is without merit (*see Gelbard v Genesee Hosp.*, 87 NY2d 691, 695 [1996]).

With respect to the 19th through 22nd causes of action, the defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the plaintiff is a limited-purpose public figure (*see Gertz v Robert Welch, Inc.*, 418 US 323, 351 [1974]; *Samuels v Berger*, 191 AD2d 627 [1993]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the statements were made with actual malice (*cf. Samuels v Berger*, 191 AD2d at 627).

The defendants failed to satisfy their prima facie burden on the qualified privilege of reply (*see Shenkman v O'Malley*, 2 AD2d 567, 574-577 [1956]; *Collier v Postum Cereal Co., Ltd.*, 150 App Div 169, 178 [1912]).

The Supreme Court properly declined to award costs, sanctions, and an attorney's fee to the defendants under 42 USC § 11113, 22 NYCRR 130-1.1, or CPLR 8303-a. The defendants were not entitled to immunity under 42 USC § 11112 (a), nor were they substantially prevailing parties. Moreover, the de-

fendants did not demonstrate that the plaintiff's action was frivolous or was filed in bad faith.

Since the Supreme Court did not make a written finding of good cause as to why the record, in whole or in part, should be sealed, the matter must be remitted for that purpose (*see* 22 NYCRR 216.1 [a]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.