In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered November 10, 2011, which granted the plaintiffs motion for summary judgment on the issue of liability and dismissing their affirmative defenses, and denied their cross motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, the plaintiffs motion for summary judgment on the issue of liability and dismissing the affirmative defenses is denied, and the defendants’ cross motion for summary judgment dismissing the complaint is granted.
In February 2008, nonparty Daniel Magnus, represented by the plaintiff, commenced an action against his former employer in the United States District Court for the Southern District of New York (hereinafter the federal action). Shortly thereafter, Magnus discharged the plaintiff as his attorney and retained the defendant law firm, Sack & Sack, to represent him in the federal action. Shortly after the commencement of the federal action, the parties thereto reached a settlement.
Prior to the filing of the stipulation of discontinuance in the federal action on July 16, 2008, the defendant Jonathan Sack, an attorney at Sack & Sack, sent a letter to the plaintiff accusing him of mishandling Magnus’s claims and weakening Magnus’s negotiating position. Sack demanded that the plaintiff return all of the fees that Magnus paid to the plaintiff, and advised that Magnus would not pay the outstanding balance of the fees that were charged. In response, the plaintiff sent letters to Sack and Marjorie Kaye, Jr., counsel to Magnus’s former employer in the federal action, notifying them that his firm held a charging lien on the proceeds of the settlement. The plaintiff also sent a letter to Sack, with a copy sent to Kaye, proposing a settlement of his claim for the legal fees secured by the charging lien.
On July 10, 2008, by email addressed to the plaintiff and copied to Sack, Kaye sent a response to the plaintiffs letter asserting the charging lien initiating a series of email correspondence among the three attorneys. The correspondence culminated in an email written by Sack in which, among other things, he repeated his allegations that the plaintiff mishandled Magnus’s claims. Sack proposed a settlement of Magnus’s claim, pursuant *856 to which the plaintiff would agree to a return of the fees previously paid to the plaintiff, in consideration of Sack’s forbearance from commencing a legal malpractice action on behalf of Magnus if the plaintiff promptly returned the fees. The plaintiff rejected the proposal, and then commenced this defamation action against Sack and his law firm, Sack & Sack, alleging that a number of statements in Sack’s email were libelous per se. Following discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants’ affirmative defenses, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiffs motion and denied the defendants’ cross motion.
Even if the offending statements are actionable assertions of fact rather than nonactionable expressions of opinion (see generally Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]), the statements are protected by the absolute privilege for statements made in a judicial proceeding. A statement made by counsel in the course of a judicial proceeding, even if made with malice or bad faith, “is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation” (Martirano v Frost, 25 NY2d 505, 507 [1969]; see Rabiea v Stein, 69 AD3d 700, 700 [2010]; Sexier & Warmflash, P.C. v Margrabe, 38 AD3d 163, 171 [2007]). The statements at issue were made among counsel in a pending judicial proceeding, and were pertinent to a dispute over the proceeds of the settlement in the federal action (see Rabiea v Stein, 69 AD3d at 701; Sexter & Warmflash, P.C. v Margrabe, 38 AD3d at 175-176; Impallomeni v Meiselman, Farber, Fackman & Eberz, 272 AD2d 579, 580 [2000]; cf. Ingber v Mallilo, 52 AD3d 569, 570 [2008]). Furthermore, the statements were pertinent to the settlement of a prospective legal malpractice litigation (see Vodopia v Ziff-Davis Fubl. Co., 243 AD2d 368 [1997]; Lieberman v Hoffman, 239 AD2d 273 [1997]). Accordingly, the statements are protected by an absolute privilege, and the Supreme Court should have denied the plaintiffs motion and granted the defendants’ cross motion for summary judgment dismissing the complaint.
In light of our determination, the defendants’ remaining contentions have been rendered academic. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.