Contrary to the plaintiffs contention, the cause of action to recover damages for slander per se was time-barred. The statute of limitations for an action to recover damages for slander is one year (see CPLR 215 [3]), measured from the date of the publication or utterance of the allegedly slanderous statement (see Wilson v Erra, 94 AD3d 756, 756 [2012]; Gigante v Arbucci, 34 AD3d 425, 426 [2006]; Frederick v Fried, 10 AD3d 444, 445 [2004]). Here, the allegedly slanderous statements were uttered in 2002, and the plaintiff did not commence the instant action until 2011. Moreover, the complaint did not allege misleading conduct on the part of the defendants upon which the plaintiff could have reasonably relied to delay commencement of the action, so as to equitably estop the defendants from asserting the bar of the statute of limitations (see Zumpano v Quinn, 6 NY3d 666, 674-675 [2006]; Sethi v Morrissey, 105 AD3d 833, 834 [2013]; Reiner v Jaeger, 50 AD3d 761, 762 [2008]). To the extent that the plaintiff attempted to remedy defects in the amended complaint (see generally Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]), the affidavit submitted by her attorney, who had no personal knowledge of the facts underlying the claim, was insufficient to establish the applicability of the doctrine of equitable estoppel (see Reiner v Jaeger, 50 AD3d 761 [2008]; see generally Harris v Five Point Mission — Camp Olmstedt, 73 AD3d 1127, 1128 [2010]).
The defendants also were entitled to dismissal of the cause of action to recover damages for libel per se. For purposes of defending against a cause of action alleging libel per se, “[statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding” (Rufeh v Schwartz, 50 AD3d 1002, 1004 [2008] [internal quotation marks omitted]; see Toker v Pollak, 44 NY2d 211, 218-219 [1978]; Sklover v Sack, 102 AD3d *587 855, 856 [2013]; Wilson v Erra, 94 AD3d 756, 756-757 [2012]; Rabiea v Stein, 69 AD3d 700 [2010]). Here, the allegedly libelous statements were published in affidavits submitted in 2011, during the course of a contested probate proceeding. As those statements were made by parties or witnesses in a pending judicial proceeding, and were material and pertinent to the objections to probate, they are protected by an absolute privilege (see Sklover v Sack, 102 AD3d at 856; Rabiea v Stein, 69 AD3d at 700-701). Accordingly, even accepting the allegations in the amended complaint as true, and resolving all inferences in favor of the plaintiff (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the amended complaint failed to state a cause of action to recover damages for libel per se (see CPLR 3211 [a] [7]; Rabiea v Stein, 69 AD3d 700 [2010]; Rufeh v Schwartz, 50 AD3d 1002 [2008]).
In view of the foregoing, we need not consider the plaintiffs remaining contention. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.