■ SAMMY EL JAMAL, Respondent, v JAMES A. WEIL, Appellant. [986 NYS2d 146]—

In an action to recover damages for defamation, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated September 28, 2012, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint or the plaintiff's request for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the amended complaint is granted.

The plaintiff and the defendant are adversaries in ongoing litigation arising from their business disputes. In this action to recover damages for defamation arising from those disputes, the amended complaint alleges three causes of action. The first cause of action alleges libel per se. On July 21, 2011, the defendant wrote and sent an email to three employees of the plaintiff's business. In that email, which the defendant also sent

to his own attorneys, the defendant referred to a recent development in the litigation and also described the plaintiff as "someone who is a liar and not in touch with reality."

The second cause of action also alleges libel per se, based on another email. Part of the dispute between the parties concerned money allegedly due a business owned by the plaintiff, the defendant, and a third man, Leon Silverman, from a business owned by the plaintiff. On August 25, 2011, in response to an email that the defendant and Silverman had sent to the plaintiff about their attempts to recover the money allegedly due, the plaintiff said, among other things, "I'm glad that you are admitting that the money isn't stolen." The defendant responded to this email the same day, August 25, 2011, in an email sent to the plaintiff, Silverman, the defendant's attorneys, and the plaintiff's attorney. As relevant here, the defendant wrote, "Leon and I are in no way saying the money was not stolen[;] we know it was."

In the third cause of action, the plaintiff alleges slander per se arising from various allegedly defamatory statements made by the defendant over several months to various individuals.

In each of the three causes of action, the plaintiff sought both compensatory and punitive damages.

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint or to strike the demand for punitive damages. The Supreme Court, among other things, denied those branches of the motion, and the defendant appeals.

In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87 [1994]; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125 [2009], affd 16 NY3d 775 [2011]; Salvatore v Kumar, 45 AD3d 560, 562-563 [2007]). To properly state a cause of action alleging defamation, a plaintiff must allege that, without privilege or authorization, and with fault as judged, at minimum, by a negligence standard, the defendant published to a third party a false statement (see Liberman v Gelstein, 80 NY2d 429, 435 [1992]; Baker v Inamdar, 99 AD3d 742, 744 [2012]; Salvatore v Kumar, 45 AD3d at 563). Additionally, unless the defamatory statement fits within one of the four "per se" exceptions (see Liberman v Gelstein, 80 NY2d at 435), a plaintiff must allege that he or she suffered "special damages"—"the loss of something having economic or pecuniary

value" (*id.* at 434-435; *see Epifani v Johnson,* 65 AD3d 224, 233 [2009]). Where an allegedly false statement is defamatory per se, the law presumes that damages will result, so the plaintiff need not allege or prove them (*see Liberman v Gelstein,* 80 NY2d at 435).

An otherwise defamatory statement may be "privileged" and therefore not actionable (*see Park Knoll Assoc. v Schmidt,* 59 NY2d 205, 208-209 [1983]). Generally, as relevant here, statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court are accorded an absolute privilege, so long as the statements may be considered in some way "pertinent" to the issue in the proceeding (*Martirano v Frost,* 25 NY2d 505, 507-508 [1969]; *see Sklover v Sack,* 102 AD3d 855, 856 [2013]; *Rabiea v Stein,* 69 AD3d 700, 700 [2010]; *Fabrizio v Spencer,* 248 AD2d 351, 351 [1998]; *Dachowitz v Kranis,* 61 AD2d 783, 783 [1978]). This privilege, or "immunity" (*Toker v Pollak,* 44 NY2d 211, 219 [1978]), applies to statements made in or out of court, on or off the record, and regardless of the motive with which they were made (*see Park Knoll Assoc. v Schmidt,* 59 NY2d at 209; *Rabiea v Stein,* 69 AD3d at 700; *Rufeh v Schwartz,* 50 AD3d 1002, 1004 [2008]; *Sexter & Warmflash, P.C. v Margrabe,* 38 AD3d 163, 174 [2007]).

Here, the allegedly defamatory statements contained in the emails sent on July 21, 2011, and August 25, 2011, are absolutely privileged as a matter of law, because they were pertinent to the ongoing judicial proceeding and were allegedly made to parties, counsel, or possible witnesses (*see Sexter & Warmflash, P.C. v Margrabe,* 38 AD3d at 174). As to the third cause of action, alleging slander per se, none of the allegations was sufficient. The alleged defamatory statements were either privileged, not actionable, not defamatory per se, or were not pleaded with sufficient particularity (*see* CPLR 3016 [a]; *Zetes v Stephens,* 108 AD3d 1014, 1019 [2013]; *Nasca v Sgro,* 101 AD3d 963, 965 [2012]; *Cammarata v Cammarata,* 61 AD3d 912, 913 [2009]; *Dillon v City of New York,* 261 AD2d 34, 38 [1999]; *Sterling Doubleday Enters. v Marro,* 238 AD2d 502, 503-504 [1997]; *Arsenault v Forquer,* 197 AD2d 554, 556 [1993]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint (*see Rabiea v Stein,* 69 AD3d at 700; *Epifani v Johnson,* 65 AD3d at 234-235; *Rufeh v Schwartz,* 50 AD3d at 1005; *Sexter & Warmflash, P.C. v Margrabe,* 38 AD3d at 174; *see generally Leon v Martinez,* 84 NY2d at 87-88).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.