■ Sidney M. Segall, Appellant, v Peter S. Sanders, Respondent. [11 NYS3d 235]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated June 10, 2014, which granted the defendant's motion, which was converted, pursuant to CPLR 3211 (c), from a motion to dismiss the complaint to a motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were adversaries and opposing counsel in a landlord/tenant litigation related to the exercise of a lease option by the defendant's law firm for additional space in a building owned by the plaintiff's company. The litigation was extremely acrimonious, resulting in confrontations and police involvement, and expanded to involve issues regarding the plaintiff's alleged repudiation of a settlement agreement and harassment of the defendant's employees. Ultimately, the defendant's law firm vacated the premises and

commenced an action to recover damages for actual and constructive partial eviction.

The plaintiff commenced this action against the defendant, alleging defamation and intentional infliction of emotional distress, based on certain communications the defendant sent to the Supreme Court and to a police detective during the course of the litigation. The defendant moved to dismiss the complaint, and the plaintiff thereafter served an amended complaint. In an order dated February 28, 2014, the Supreme Court notified the parties that it was converting the defendant's motion to a motion for summary judgment dismissing the amended complaint pursuant to CPLR 3211 (c). In the order appealed from, the Supreme Court granted the defendant's converted motion. The plaintiff appeals.

The Supreme Court properly granted the defendant's converted motion. Certain communications, although defamatory, cannot serve as the basis for liability in a defamation action because they are protected by privilege (*see Toker v Pollak*, 44 NY2d 211, 218-219 [1978]). "If the privilege is absolute, it confers immunity from liability regardless of motive. If it is conditional or qualified, it can be lost by plaintiff's proof that defendant acted out of malice" (*Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209 [1983]; *see Colantonio v Mercy Med. Ctr.*, 73 AD3d 966, 968-969 [2010]).

Further, a libel action cannot be maintained unless it is premised on published assertions of fact, as opposed to mere opinion (*see Thomas H. v Paul B.*, 18 NY3d 580, 584 [2012]; *Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]; *LeBlanc v Skinner*, 103 AD3d 202, 213 [2012]). Mere "rhetorical hyperbole" is not actionable (*Gross v New York Times Co.*, 82 NY2d at 152; *see LeBlanc v Skinner*, 103 AD3d at 213). Whether a statement is pure opinion is a question of law for the court (*see Mann v Abel*, 10 NY3d 271, 276 [2008]).

Here, the challenged communications to the Supreme Court either were protected by absolute privilege, as they were pertinent to the ongoing judicial action (*see El Jamal v Weil*, 116 AD3d 732, 734 [2014]; *Rabiea v Stein*, 69 AD3d 700 [2010]; *Papa v Regan*, 256 AD2d 452, 453 [1998]), or constituted nonactionable opinion (*see Colantonio v Mercy Med. Ctr.*, 73 AD3d at 966; *Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 AD3d 626, 627 [2008]).

As to the challenged communications to the police detective, the defendant demonstrated, prima facie, that the communications were protected by a qualified privilege covering com-

munications with police (*see Toker v Pollak*, 44 NY2d at 220; *Wilson v Erra*, 94 AD3d 756, 757 [2012]; *Levy v Grandone*, 14 AD3d 660, 662 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the communications were motivated solely by malice (*see Wilson v Erra*, 94 AD3d at 757; *Levy v Grandone*, 14 AD3d at 662).

The plaintiff's cause of action sounding in intentional infliction of emotional distress is duplicative of his defamation cause of action (*see Akpinar v Moran*, 83 AD3d 458, 459 [2011]; *Ghaly v Mardiros*, 204 AD2d 272, 273 [1994]). In any event, the challenged statements are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]; *see Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 623 [2012]; *Marilyn S. v Independent Group Home Living Program, Inc.*, 73 AD3d 892, 894 [2010]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.