■ IRINA GALANOVA, Respondent, v IRINA SAFIR et al., Appellants. [29 NYS3d 459]—

In an action to recover damages for defamation, the defendants appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated February 19, 2014, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.

The plaintiff is a tenant-shareholder in a residential coopera-

tive building (hereinafter the Co-op), and a member of the Co-op's Board of Directors (hereinafter the Board). The plaintiff commenced this action against the Co-op and her fellow Board members (hereinafter together the defendants), alleging that the defendants had defamed her in two emails sent to Board members, the Co-op's managing agent, and the Co-op's general counsel, indicating that she was in arrears and/or owed a debt to the Co-op. The plaintiff additionally claimed that she had been defamed by "Shareholders in Arrears" flyers posted in the lobby of the Co-op building listing her apartment number and the amount of alleged arrears, and by the posting on her apartment door of a petition in a nonpayment proceeding commenced against her in the Civil Court, Kings County. The defendants moved, inter alia, for summary judgment dismissing the complaint, contending that the alleged defamatory statements were either nonactionable statements of opinion or were protected by privilege. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

"Expressions of an opinion, 'false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions' " (*Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 AD3d 626, 627 [2008], quoting *Sassower v New York Times Co.*, 48 AD3d 440, 442 [2008]). "The issue of distinguishing between actionable fact and non-actionable opinion is a question of law for the court" (*Gjonlekaj v Sot*, 308 AD2d 471, 474 [2003]). Here, the statements contained in the two emails alleged to be defamatory amounted to subjective characterizations of the plaintiff's behavior and an evaluation of her performance as a member of the Board, and thus constituted nonactionable expressions of opinion (*see Farrow v O'Connor, Redd, Gollihue & Sklarin, LLP*, 51 AD3d at 627). Accordingly, the email statements cannot serve as a basis for the imposition of liability.

The defendants further demonstrated that the challenged statements set forth in the "Shareholders In Arrears" flyers posted in the building lobby, which listed the apartment numbers of shareholders who allegedly owed arrears and the amount of those arrears, were protected by the qualified common-interest privilege (*see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Ferguson v Sherman Sq. Realty Corp.*, 30 AD3d 288 [2006]; *Bogoni v Simpson*, 306 AD2d 125, 126 [2003]). Although a qualified privilege may be lost by proof that the defendant acted out of malice (*see Park Knoll Assoc. v Schmidt*,

59 NY2d 205, 209 [1983]; *Segall v Sanders*, 129 AD3d 819, 820 [2015]), in opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact as to whether the challenged statements in the flyers were motivated solely by malice (*see Liberman v Gelstein*, 80 NY2d at 439; *Segall v Sanders*, 129 AD3d at 821; *Broich v McGann*, 92 AD3d 710, 711 [2012]; *Ferguson v Sherman Sq. Realty Corp.*, 30 AD3d at 288).

Furthermore, the defendants established that the petition in the nonpayment proceeding was posted on the plaintiff's apartment door in the course of effecting service pursuant to CPLR 308 (4), and that the statements contained in the petition were protected by an absolute privilege because they were pertinent to an ongoing judicial action (*see Segall v Sanders*, 129 AD3d at 820; *El Jamal v Weil*, 116 AD3d 732, 734 [2014]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.