O'Reilly v McPhilmy (2018 NY Slip Op 08673)





O'Reilly v McPhilmy


2018 NY Slip Op 08673


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-02522
 (Index No. 602235/16)

[*1]William J. O'Reilly, respondent, 
v
Maureen McPhilmy, defendant; Gizmodo Media Group, LLC, nonparty-appellant.


Holland & Knight, LLP, New York, NY (Christine N. Walz of counsel), for nonparty-appellant.
Hoguet Newman Regal & Kenney, LLP, New York, NY (Fredric S. Newman and Andrew N. Bourne of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for fraudulent inducement, nonparty Gizmodo Media Group, LLC, appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated January 13, 2017. The order, insofar as appealed from, denied that branch of the motion of nonparty Gizmodo Media Group, LLC, which was to vacate so much of an order of the same court dated June 1, 2016, as directed the sealing of certain documents and filings that disclose or refer to materials falling under a confidentiality agreement entered into by the plaintiff and the defendant in a related matrimonial action.
ORDERED that the order dated January 13, 2017, is modified, on the law, by deleting the provision thereof denying that branch of the motion of nonparty Gizmodo Media Group, LLC, which was to vacate so much of the order dated June 1, 2016, as directed the sealing of certain documents and filings that disclose or refer to materials falling under a confidentiality agreement entered into by the plaintiff and the defendant in a related matrimonial action, and substituting therefor a provision granting that branch of the motion to the extent of unsealing (1) the order dated June 1, 2016, (2) the papers filed in support of and in opposition to a prior motion, inter alia, to vacate the order dated June 1, 2016, including items previously docketed in this action before the matter was sealed, and (3) the docket sheet in this action, and otherwise denying that branch of the motion; as so modified, the order dated January 13, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant, his former wife, to recover damages allegedly sustained by him as a result of having been fraudulently induced to enter into a separation agreement which was incorporated into but not merged with the parties' previous judgment of divorce. Subsequently, the plaintiff moved to seal all documents in this action that disclose or refer to materials that were confidential and filed under seal in the parties' matrimonial action. The Supreme Court granted the unopposed motion, sealing the requested materials in an order dated June 1, 2016 (hereinafter the sealing order). Thereafter, nonparty Gizmodo Media Group, LLC (hereinafter Gizmodo), moved to vacate the sealing order to the extent of providing access to (1) the sealing order itself, (2) the papers filed in support of and in opposition to a prior [*2]motion, inter alia, to vacate the sealing order, including items previously docketed in this action before the matter was sealed, (3) the docket sheet in this action, and (4) a judgment issued in this action on September 30, 2016. In response to the motion, the plaintiff agreed to the unsealing of the first three of the foregoing items, but otherwise opposed the motion. In an order dated January 13, 2017, the Supreme Court denied Gizmodo's motion in its entirety, reasoning that any unsealing would reveal confidential information from the parties' matrimonial action. Gizmodo appeals.
New York law presumptively favors broad access by the public and the press to judicial proceedings and court records, placing the burden on the party favoring sealing to show a compelling interest that likely would be harmed by granting public access (see Mosallem v Berenson, 76 AD3d 345, 348-349; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501-502). However, "the right of access is not absolute" (Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6), and a court determining whether there is good cause for sealing court records (see 22 NYCRR 216.1[a]) must weigh the competing interests of the public and the parties, authorizing the sealing only in the prudent exercise of the court's discretion (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502).
Here, in response to Gizmodo's motion, the plaintiff consented to the unsealing of (1) the sealing order itself, (2) the materials submitted on the prior motion to vacate the sealing order, and (3) the docket sheet in this action. Given the plaintiff's consent, and in view of the fact that those materials either had already been subject to access before the sealing order was issued or did not contain any sensitive or confidential information, the Supreme Court should have granted Gizmodo's motion to the extent of unsealing those items.
However, the Supreme Court providently exercised its discretion in denying the remaining relief sought by Gizmodo on the motion. Although the sealing order lacked a specific finding of good cause (see 22 NYCRR 216.1[a]; Colantonio v Mercy Med. Ctr., 73 AD3d 966, 970; Fordham-Coleman v National Fuel Gas Distrib. Corp., 42 AD3d 106, 115; Matter of Brownstone, 191 AD2d 167, 168), the court's subsequent reasoning in the order appealed from, and the materials submitted on the motion to vacate, established that the denial of access was appropriate to prevent both disclosure of confidential matters pertaining to the parties' matrimonial action and settlement (see Domestic Relations Law § 235; 22 NYCRR 202.5[e]), and impingement upon the privacy interests and welfare of their minor children (see generally Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502; Matter of Kent v Kent, 29 AD3d 123, 136; Anonymous v Anonymous, 263 AD2d 341, 342; Matter of P.B. v C.C., 223 AD2d 294, 296-298).
Gizmodo's remaining contentions are either without merit or not properly before us on this appeal.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court