21-666-cv
*Hillel v. IQVIA, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
REENA RAGGI,
SUSAN L. CARNEY,
              *Circuit Judges.*

---

IRIS HILLEL,

              *Plaintiff-Appellant,*                                     21-666-cv

              v.

IQVIA, INC.,

              *Defendant-Appellee,*

OBVIO HEALTH USA, INC., OBVIO HEALTH PTE.
LTD., SPRIM AMERICAS, INC., MICHAEL SHLEIFER, in
his individual and professional capacity, PRASANNA
PITALE, in his individual and professional capacity,
ALISTAIR GRENFELL, in his individual and
professional capacity, DIKLA SHPANGENTAL, in her
individual and professional capacity, ANAND
THARMARATNAM, in his individual and professional
capacity, IVAN JARRY, in his individual and
professional capacity,

1

*Defendants.*[*]

FOR PLAINTIFF-APPELLANT:  LINDSAY M. GOLDBRUM (Michael J. Willemin, *on the brief*), Wigdor LLP, New York, NY.

FOR DEFENDANT-APPELLEE:  KENNETH W. TABER (Maria T. Galeno, Stephanie M. Coughlan, *on the brief*), Pillsbury Winthrop Shaw Pittman LLP, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 21, 2021 order and March 9, 2021 judgment of the District Court be and hereby are **VACATED** insofar as they dismissed Plaintiff Iris Hillel's defamation and tortious interference claims based on Anand Tharmaratnam's alleged statement, **AFFIRMED** in all other respects, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

Plaintiff Iris Hillel alleges that her former employer ObvioHealth ("Obvio") and its owner and employees fired her in violation of federal, state, and local antidiscrimination statutes, and that Defendant IQVIA, Inc. ("IQVIA") and its employees defamed her and tortiously interfered with her prospective economic relations in violation of New York law. Hillel alleges four defamatory statements by IQVIA's employees. First, Anand Tharmaratnam allegedly told two of Hillel's colleagues that Hillel had been fired from her job with IQVIA's predecessor. Second, Alistair Grenfell allegedly told one of his IQVIA colleagues, Prasanna Pitale, that Grenfell did not want Hillel to work with IQVIA in Europe. Third, Dikla Shpangental allegedly told the same IQVIA colleague that Shpangental would not attend meetings with Obvio if Hillel was present. Fourth, Pitale allegedly informed Hillel's Obvio colleague of the remarks by Grenfell and Shpangental.[1] Hillel alleges that these statements caused her to be fired and lose her $300,000 annual salary and bonus.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

[1] Tharmaratnam was IQVIA's President for Asia Pacific. Grenfell is IQVIA's President for Europe, the Middle East, Africa, and South Asia. Shpangental is IQVIA's Vice President for Israel. Pitale is IQVIA's Senior Vice President of Global Consumer Health and a member of Obvio's Board of Directors.

2

The District Court granted IQVIA's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] It held that IQVIA's employees' statements were protected by New York's common interest privilege. It held alternatively that the statements of Grenfell, Shpangental, and Pitale were nonactionable opinion. Finally, it dismissed Hillel's tortious interference claim because she alleged neither malice nor an independent tort. Finding no just reason for delay, the District Court entered final judgment for IQVIA and its employees pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and Hillel appealed the judgment in favor of IQVIA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's holdings on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010).

**I.**

We first consider the primary basis on which the District Court dismissed Hillel's defamation claims: common interest privilege. This was error.

The common interest privilege "extends to a communication made by one person to another upon a subject in which both have an interest." *Chandok v. Klessig*, 632 F.3d 803, 815 (2d Cir. 2011) (citation omitted). Hillel does not allege that the challenged statements concerned a subject of common interest to IQVIA and Obvio. True, she alleges that these businesses shared a common interest in negotiating and executing a large deal involving significant collaboration between the two companies. But Hillel does not allege that this deal was "the subject matter of [the allegedly defamatory] communications," *Loewinthan v. Le Vine*, 299 N.Y. 372, 375 (1949), nor that the challenged statement "was reasonably calculated to serve this [common] interest," *Buckley v. Litman*, 57 N.Y.2d 516, 521 (1982).

Instead, Hillel alleges that the statements sought to shake Obvio's confidence in her, undermining Obvio's ability to compete with IQVIA during a six-month period permitted under the companies' deal agreement. Plainly, Obvio shared no common interest with IQVIA in so undermining its ability to compete. *See, e.g.*, *Rupert v. Sellers*, 411 N.Y.S.2d 75, 82–83 (4th Dep't 1978) ("There . . . is no qualified privilege to make a defamatory attack merely to protect one's business interest"), *aff'd*, 50 N.Y.2d 881 (1980). Because the statements allegedly attributable to IQVIA, viewed in this anti-competitive context, were not related to "the flow of information between persons sharing a common interest," *Liberman v. Gelstein*, 80 N.Y.2d 429, 437 (1992), it was error at

---

[2] The District Court granted IQVIA's employees' motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Hillel does not contest this ruling on appeal.

this stage to dismiss Hillel's claims based on the common interest privilege. We thus need not consider Hillel's remaining arguments regarding the privilege.

## II.

We next consider the District Court's alternative basis for dismissing Hillel's defamation claims: that certain statements are non-actionable opinion. This holding was sound.

The District Court correctly held that Grenfell's and Shpangental's—and, therefore, Pitale's—statements were not actionable. Their statements—that they did not want Hillel to work with IQVIA and would not attend meetings with Hillel—express their personal views and opinions and do not imply any facts beyond their plain meanings, which Hillel does not allege were literally false. *Cf. Stega v. N.Y. Downtown Hosp.*, 31 N.Y.3d 661, 674–75 (2018) (holding that "a statement of opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, is a 'mixed opinion' and is actionable" (alterations, citation, and some internal quotation marks omitted)). Indeed, New York appellate courts have held that similarly vague workplace critiques are not actionable. *See, e.g.*, *Colantonio v. Mercy Med. Ctr.*, 901 N.Y.S.2d 370, 373–74 (2d Dep't 2010) (deeming hospital employees' statements expressing refusal to work with the plaintiff nonactionable opinion). And Hillel does not distinguish Pitale's statement from those of Grenfell and Shpengantal or argue that it was literally false. Accordingly, the District Court correctly dismissed Hillel's defamation claims based on the statements of Grenfell, Shpangental, and Pitale.[3]

## III.

Finally, we consider the extent to which Hillel alleges a tortious interference claim. We conclude that she can maintain her claim against IQVIA only insofar as it is based on Tharmaratnam's statement.

Among other elements, a plaintiff claiming tortious interference with prospective economic relations must allege that the defendant "acted solely out of malice, or used dishonest, unfair, or improper means." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (citation omitted).

---

[3] IQVIA does not raise and has thus waived for purposes of this appeal any argument that Tharmaratnam's comment was not defamatory *per se*. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We thus need not consider IQVIA's argument that Hillel failed to plead special damages. *See Albert v. Loksen*, 239 F.3d 256, 271 (2d Cir. 2001) (holding that a plaintiff must allege "either that the statement complained of caused . . . 'special harm' or that it constituted slander 'per se.'").

As discussed, IQVIA has advanced no basis to reject Hillel's claim that Tharmaratnam's statement on behalf of IQVIA "amount[ed] to . . . an independent tort." *Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 190 (2004). Accordingly, the District Court erred in dismissing Hillel's tortious interference claim insofar as it is based on Tharmaratnam's statement.

By contrast, Hillel does not adequately allege a defamation claim based on statements by Grenfell, Shpangental, and Pitale. *See supra*. Nor does Hillel allege that these individuals acted "for the sole purpose of inflicting intentional harm on [Hillel]." *Carvel Corp.*, 3 N.Y.3d at 190 (citation omitted). Instead, as noted above, Hillel alleges that these IQVIA employees were motivated to harm Obvio's business during a six-month post-deal period—in other words, the employees acted in IQVIA's "normal economic self-interest." *Id.* The District Court thus correctly dismissed Hillel's tortious interference claim insofar as it is based on statements by Grenfell, Shpangental, and Pitale.

**CONCLUSION**

We have reviewed all of the arguments raised by Hillel on appeal and, except as described above, find in them no basis for vacatur or reversal. For the foregoing reasons, we **VACATE** the January 21, 2021 order and the March 9, 2021 judgment of the District Court insofar as they dismissed Hillel's defamation and tortious interference claims based on Tharmaratnam's statement that Hillel was fired from her job with IQVIA's predecessor; **AFFIRM** the January 21, 2021 order and the March 9, 2021 judgment of the District Court in all other respects; and **REMAND** the cause to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5