■ GERALD GOLDFEDER, Respondent, v STEVEN WEISS, Defendant, and DAVID J. LANSNER et al., Appellants. [673 NYS2d 197] —In an action to recover damages for defamation, the defendants David J. Lansner and Lansner and Kubitschek appeal from an order of the Supreme Court, Queens County (Golar, J.), dated April 24, 1997, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

This action involves an allegedly defamatory statement made by the defendant Steven Weiss in a reply affirmation submitted to the court as part of post-judgment proceedings in a divorce action, in which the plaintiff represented Weiss's former wife. The plaintiff brought this action not only against Weiss but also against Weiss's attorney in the divorce action, the defendant David J. Lansner, and the law firm of which Lansner was a member, the defendant Lansner and Kubitschek. David J. Lansner and Lansner and Kubitschek moved to dismiss the complaint insofar as asserted against them on the ground that the subject statement was protected by absolute privilege, and the motion was denied. We reverse.

The allegedly defamatory statement is protected by absolute privilege since it was made in the course of a judicial proceeding and was pertinent to it. Absolute privilege applies to any statement made in open court or in the course of a judicial proceeding, if, under any view or under any circumstances, it may be considered pertinent to the litigation (*see, Martirano v Frost*, 25 NY2d 505; *Joseph v Larry Dorman, P. C.*, 177 AD2d 618). Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.