MARK RUFEH et al., Respondents-Appellants, v SETH M. SCHWARTZ et al., Appellants-Respondents. [858 NYS2d 194]—

In an action to recover damages for defamation, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 4, 2007, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for slander, and the plaintiffs cross-appeal from so much of the same order as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for libel.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to dismiss the cause of action to recover damages for slander is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Mark Rufeh entered into a contract to purchase a home in Scarsdale from the defendants. A dispute arose between the parties regarding the necessity of a separate certificate of occupancy for the basement of the home, and the closing did not take place on the scheduled date. In a separate action commenced against the defendants, Mark Rufeh alleged, inter alia, that the defendants had breached the contract of sale and sought to recover the down payment he had given to them (*see Rufeh v Schwartz*, 50 AD3d 1000 [2008] [decided herewith]). In their answer in that action, the defendants asserted counterclaims, alleging, inter alia, that Mark Rufeh entered into the contract of sale as part of a fraudulent scheme designed to induce Scarsdale School District officials to permit the children of his wife, the plaintiff Patricia Rufeh, to enroll in Scarsdale schools by leading those officials to believe that he was establishing residency in Scarsdale, when, in fact, he never intended to consummate the purchase of the subject property.

The plaintiffs then commenced the instant action against the defendants, seeking to recover damages for libel based upon various statements made in the defendants' answer in the underlying action. The complaint identified the following statements in the defendants' answer in the breach of contract action, among others, as defamatory: Mark Rufeh defrauded Patricia Rufeh, "a woman he calls his wife;" Mark Rufeh defrauded the Scarsdale schools by inducing them to enroll Patricia Rufeh's children under false pretenses; Mark Rufeh "claims that he got married for the first time three years ago to [Patricia Rufeh], who is approximately 10 to 15 years his junior;" Mark Rufeh "is not the father of [Patricia Rufeh's] children and has not adopted them;" and Mark Rufeh "was duping the Village of Scarsdale."

The plaintiffs subsequently amended their complaint to add a second cause of action, seeking to recover damages for slander based upon allegations that the defendant Carolyn Karp Schwartz told the Scarsdale Superintendent of Schools that Patricia Rufeh's children should be refused enrollment in the Scarsdale school system because the plaintiffs were not honoring the contract of sale (which they had submitted as proof of their intended residency in Scarsdale) and were attempting to deceive and defraud the school system into believing that they intended to purchase the defendants' home.

The defendants moved to dismiss the complaint pursuant to,

inter alia, CPLR 3211 (a) (7). The Supreme Court granted that branch of the defendants' motion which was to dismiss the libel cause of action, but denied that branch of the motion which was to dismiss the slander cause of action.

For purposes of defending against a libel cause of action, "[s]tatements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding" (*Sinrod v Stone,* 20 AD3d 560, 561 [2005]; *see Wiener v Weintraub,* 22 NY2d 330, 331 [1968]; *Marsh v Ellsworth,* 50 NY 309, 311-312 [1872]; *Allan & Allan Arts v Rosenblum,* 201 AD2d 136 [1994], *cert denied* 516 US 914 [1995]). While the Supreme Court correctly observed that some of the defendants' allegations may have been more appropriately stated in different language, the allegations all had at least some marginal relevance to the fraud theory the defendants were advancing. Accordingly, the statements were privileged, and the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for libel.

Generally, a plaintiff alleging slander must plead and prove that he or she has sustained special damages, i.e., "the loss of something having economic or pecuniary value" (*Liberman v Gelstein,* 80 NY2d 429, 434-435 [1992] [internal quotation marks omitted]; *see Aronson v Wiersma,* 65 NY2d 592, 594-595 [1985]). A plaintiff need not prove special damages, however, if he or she can establish that the alleged defamatory statement constituted slander per se. Among the four recognized types of slander per se are statements which "tend to injure another in his or her trade, business or profession" (*Liberman v Gelstein,* 80 NY2d at 435). In this case, the complaint does not allege that the plaintiffs sustained special damages. Instead, the plaintiffs claim that the allegedly defamatory statements to the Superintendent of Schools constituted slander per se because they harmed Mark Rufeh's reputation in the Scarsdale community, where he had developed a financial services and real estate development business that depended on his reputation for honesty, and where there were many people who, like Mark Rufeh, worked in the Wall Street financial services sector.

Contrary to the plaintiffs' contention, the alleged defamatory statements did not tend to injure Mark Rufeh in his trade, business, or profession. This category of slander per se "is limited to defamation of a kind incompatible with the proper conduct of the business, trade, profession or office itself. The statement

must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon the plaintiff's character or qualities" (*Liberman v Gelstein,* 80 NY2d at 436 [internal quotation marks omitted]; *see Zysk v Fidelity Tit. Ins. Co. of N.Y.,* 14 AD3d 609 [2005]). In this case, the alleged defamatory statements, i.e., that the plaintiffs were not honoring the contract of sale and were attempting to deceive and defraud the school system into believing that they intended to purchase the defendants' home, constituted nothing more than a general reflection upon the plaintiffs' character or qualities. The alleged statements referred to Mark Rufeh in his personal capacity, not in his capacity as an officer of a Wall Street financial firm. An allegation that Mark Rufeh engaged in a single breach of contract, and even a single incident characterized as fraud, does not relate specifically to his occupation as an officer of a financial firm. Were such an allegation sufficient to constitute slander per se in this case, then virtually any accusation of fraud would always constitute slander per se. We reject as unduly broad such an interpretation of the exception to the requirement of special damages for plaintiffs who sustain injury in their trade, business, or profession.

Thus, the alleged defamatory statements did not constitute slander per se, and the slander cause of action therefore cannot survive without an allegation of special damages. Since no such allegation has been made, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for slander should have been granted. Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.