RONALD D. INGBER, Respondent, v ANTHONY MALLILO et al., Appellants. [860 NYS2d 180]—

In an action to recover damages for defamation, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated September 19, 2007, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff is former counsel and the defendants are current counsel to nonparty Rodrigo Lezcano in an unrelated litigation to recover damages for personal injuries. After a dispute arose over the plaintiff's fee, the defendants moved to compel him to turn over the case file. In support of that motion, the defendants submitted an affidavit from Lezcano wherein he averred that he had retained the defendants and that he had "been informed" that his prior counsel (the plaintiff) had been suspended from the practice of law. The plaintiff commenced this action against the defendants to recover damages for defamation. The plaintiff alleges that the defendants are the source of Lezcano's belief that he had been suspended from the practice of law, and that the statement was false and defamatory per se. Prior to answering, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The defendants argued that there is no proof that they were the source of Lezcano's statement and that, in any event, the statement was absolutely privileged because it was made in the context of a legal proceeding. The Supreme Court denied the motion. We affirm.

Taking the allegations in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the allegations are sufficient to state a cause of action to recover damages for defamation (*see Matovcik v Times Beacon Record Newspapers,* 46 AD3d 636 [2007]; *Klepetko v Reisman,* 41 AD3d 551 [2007]; *Gjonlekaj v Sot,* 308 AD2d 471 [2003]). Further, the defendants failed to demonstrate that the statement was absolutely privileged. Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, as long as they are material and pertinent to the issue to be resolved in the proceeding (*see Rufeh v Schwartz,* 50 AD3d 1002 [2008]). Here, the alleged publication of the statement at issue was by the defendants to Lezcano, not by Lezcano to the court in the course of the litigation over the case file (*see Ostrowe v Lee,* 256 NY 36 [1931]; *Rufeh v Schwartz,* 50 AD3d 1002 [2008]; *Fedrizzi v Washingtonville Cent. School Dist.,* 204 AD2d 267 [1994]). Thus, the alleged publication of the statement did not occur in the course of a judicial proceeding. Finally, whether or not the defendants were in fact the source of Lezcano's statement is a factual issue not subject to summary resolution on the record presented. Thus, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.