■ Joseph Edward Brady et al., Appellants, v Albert A. Gaudelli, Respondent. [27 NYS3d 205]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated October 24, 2014, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

In determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *Salvatore v Kumar*, 45 AD3d 560, 562-563 [2007]). "To properly state a cause of action [for] defamation, a plaintiff must allege that, without privilege or authorization, and with fault as judged, at minimum, by a negligence standard, the defendant published to a third party a false statement" (*El Jamal v Weil*, 116 AD3d 732, 733 [2014]; *see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Baker v Inamdar*, 99 AD3d 742, 744 [2012]; *Salvatore v Kumar*, 45 AD3d at 562).

An otherwise defamatory statement may be "privileged" and thus not actionable (*Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 208-209 [1983]). Insofar as is relevant herein, an absolute privilege is accorded statements made at all stages of a judicial proceeding in communications among the parties, witnesses,

counsel, and the court, provided that the statements may be considered in some way "pertinent" to the issue in the proceeding (*Martirano v Frost*, 25 NY2d 505, 507-508 [1969]; *see Rabiea v Stein*, 69 AD3d 700, 700 [2010]; *Fabrizio v Spencer*, 248 AD2d 351, 351 [1998]; *Dachowitz v Kranis*, 61 AD2d 783, 783 [1978]). "The test of pertinency [to the litigation] is extremely liberal so as to 'embrace[ ] anything that may possibly or plausibly be relevant or pertinent' " (*Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962, 963 [2005], quoting *Grasso v Mathew*, 164 AD2d 476, 479 [1991]). This privilege applies to all statements made in or out of court and regardless of the motive for which they were made (*see Park Knoll Assoc. v Schmidt*, 59 NY2d at 209; *Rabiea v Stein*, 69 AD3d at 700; *Rufeh v Schwartz*, 50 AD3d 1002, 1004 [2008]).

Here, the complaint alleges that the defendant, who was counsel for the executor in a probate proceeding, made allegedly defamatory statements in an affirmation in support of a motion in that proceeding to compel a continued examination pursuant to Surrogate's Court Procedure Act § 1404. The statements concerned the very subject of the probate proceeding, the contested last will and testament of the decedent. Therefore, the subject statements were absolutely privileged as a matter of law and cannot be the basis for a defamation action (*see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 174 [2007]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted dismissal of the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.