■  SHARON BETH WEINSTOCK, Appellant-Respondent, v PE-
TER S. SANDERS, Respondent-Appellant. [42 NYS3d 205]—

In an action to recover damages for defamation, the plaintiff
appeals from an order of the Supreme Court, Nassau County
(J. Murphy, J.), entered June 30, 2015, which granted that
branch of the defendant's motion which was to dismiss the
complaint pursuant to CPLR 3211 (a) (7), and the defendant
cross-appeals, as limited by his brief, from stated portions of
the same order.

Ordered that the cross appeal is dismissed, as the defendant
is not aggrieved by the portions of the order cross-appealed
from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from;
and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff in this action, Sharon Beth Weinstock, was
named as a defendant in an earlier action to extinguish two
mortgages (hereinafter the mortgage action). Peter S. Sanders,
the defendant in this action, was the attorney for the plaintiffs
in the mortgage action. The summons with notice in the
mortgage action stated that Weinstock and Joseph Greenblatt,
another defendant in that action, had obtained one of the
mortgages by fraud. Sanders alleged in an affirmation he
submitted in the mortgage action that that mortgage was
obtained through a fraud perpetuated by Greenblatt and
another person who was not a defendant in the mortgage ac-
tion, and some time after that mortgage closed, Greenblatt was
incarcerated for operating a Ponzi scheme. Sanders also al-
leged that there had been an assignment of the subject
mortgage bearing the name of "Sharon Beth Weinstock" as as-
signee.

While the mortgage action was still pending, Weinstock com-
menced this action against Sanders, alleging that she was
defamed by the statement in the summons with notice and the
allegations in Sanders' affirmation.

Sanders filed a pre-answer motion, inter alia, to dismiss the
complaint pursuant to CPLR 3211 (a) (7), and for the imposi-
tion of sanctions and attorneys' fees against Weinstock and her
attorney, Gerald Zisholtz. Weinstock opposed the motion. The
Supreme Court granted that branch of Sanders's motion which
was to dismiss the complaint pursuant to CPLR 3211 (a) (7),
holding that the mortgage action was a judicial proceeding to

which absolute immunity attached. The court did not address that branch of Sanders's motion which sought the imposition of attorneys' fees and sanctions based on frivolous conduct.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). The facts as alleged in the complaint are accepted as true, with the plaintiff accorded the benefit of every favorable inference (*see id.* at 87-88). The role of the court is to "determine only whether the facts as alleged fit within any cognizable legal theory" (*id.; see Persaud v Everest Natl. Ins. Co.*, 142 AD3d 544 [2016]). Therefore, a complaint is legally sufficient if the court determines that a plaintiff would be entitled to relief on any reasonable view of the facts stated (*see Dee v Rakower*, 112 AD3d 204, 208 [2013]).

"To properly state a cause of action alleging defamation, a plaintiff must allege that, without privilege or authorization, and with fault as judged, at minimum, by a negligence standard, the defendant published to a third party a false statement" (*El Jamal v Weil*, 116 AD3d 732, 733-734 [2014]; *see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *Brady v Gaudelli*, 137 AD3d 951, 951 [2016]).

In the mortgage action, the Sanders affirmation did not allege that Weinstock was part of the alleged Ponzi scheme or that she committed a fraud. Although the summons with notice states that Weinstock and Greenblatt obtained one of the mortgages by fraud, this statement is accorded an absolute privilege.

Generally, statements made at all stages of a judicial proceeding in communications among the parties, witnesses, counsel, and the court are accorded an absolute privilege, as long as the statements may be considered in some way "pertinent" to the issue in the proceeding (*Martirano v Frost*, 25 NY2d 505, 507-508 [1969]; *see Front, Inc. v Khalil*, 24 NY3d 713, 718 [2015]; *Segall v Sanders*, 129 AD3d 819, 820 [2015]; *El Jamal v Weil*, 116 AD3d at 733-734; *Rabiea v Stein*, 69 AD3d 700, 700 [2010]). This privilege, or "immunity" (*Toker v Pollak*, 44 NY2d 211, 219 [1978]), applies to statements made in or out of court, on or off the record, and regardless of the motive with which they were made (*see Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209 [1983]; *Rabiea v Stein*, 69 AD3d at 700).

The test of pertinency to the litigation is extremely liberal, so as to embrace anything that may possibly or plausibly be relevant or pertinent (*see Brady v Gaudelli*, 137 AD3d at 952; *Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962,

963 [2005]; *Grasso v Mathew*, 164 AD2d 476, 479 [1991]). The purpose of the privilege is to allow the parties, witnesses, and attorneys in a litigation to communicate freely without fear of defamation litigation (*see Martirano v Frost*, 25 NY2d at 508-509).

Here, despite Weinstock's argument that the statements regarding the alleged Ponzi scheme were an unnecessary attempt to "embellish" the claim to discharge the mortgage, these allegations, which did not involve Weinstock, were necessary to complete the narrative that Sanders was making in the prior action. Indeed, these allegations explain why or how a mortgage could be assigned to Weinstock without Weinstock having any knowledge of it, or, as her attorney stated, how a mortgage could be assigned to Weinstock when she did not know Greenblatt or anybody else involved in the matter. The information as to Greenblatt's fraudulent conduct is clearly relevant and pertinent (*see Brady v Gaudelli*, 137 AD3d at 951, 952).

Therefore, the subject statements were absolutely privileged as a matter of law and cannot be the basis for a defamation action. Accordingly, the Supreme Court properly granted that branch of Sanders's motion which was to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]; *Brady v Gaudelli*, 137 AD3d at 952; *El Jamal v Weil*, 116 AD3d at 733-734; *Rabiea v Stein*, 69 AD3d at 700; *Goldfeder v Weiss*, 250 AD2d 731, 731 [1998]).

Sanders's cross appeal, which relates to that branch of his motion seeking attorney's fees and sanctions for frivolous litigation and conduct pursuant to 22 NYCRR 130-1.1, 130-1.1a, 130-1.2 and 130-1.3., must be dismissed, as that branch of his motion remains pending and undecided (*see Howe v Jeremiah*, 62 AD3d 751, 752 [2009]; *Katz v Katz*, 68 AD2d 536, 542 [1979]). Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.