Ifantides v Wisniewski (2020 NY Slip Op 01482)





Ifantides v Wisniewski


2020 NY Slip Op 01482


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-05363
2017-07742
 (Index No. 608260/16)

[*1]Yuk Ping Ifantides, appellant, 
v
Robert Wisniewski, etc., et al., respondents.


The Kaplan Law Office, New York, NY (Charles Caranicas and Susan R. Kaplan of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Mark K. Anesh, Jordan A. Ehrlich, and Jamie Wozman of counsel), for respondent Robert Wisniewski.
Romuald P. Magda, Brooklyn, NY, for respondent Janusz Krala.



DECISION & ORDER
In an action to recover damages for defamation and intentional infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered April 18, 2017, and (2) an order of the same court entered June 19, 2017. The order entered April 18, 2017, granted the motion of the defendant Robert Wisniewski pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. The order entered June 19, 2017, granted the motion of the defendant Janusz Krala pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him.
ORDERED that the orders are affirmed, with one bill of costs.
In May 2015, Janusz Krala commenced an action in the United States District Court for the Eastern District of New York (hereinafter the underlying federal action) against his former employer, Seven Hills Mgmt., Inc., and its owner, Christos Ifantides. Robert Wisniewski represented Krala in the underlying federal action.
In October 2016, Christos Ifantides's wife, Yuk Ping Ifantides (hereinafter the plaintiff), commenced this action against Wisniewski and Krala (hereinafter together the defendants), asserting causes of action sounding in defamation per se and intentional infliction of emotional distress. The plaintiff alleged that, in the underlying federal action, the defendants defamed her and intentionally inflicted emotional distress upon her by referring to her as a "concubine" and a "mistress" during a deposition on May 24, 2016, which was never completed, and by repeating those words in a letter to the federal court dated May 26, 2016.
The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them, contending that the plaintiff failed to state a cause of action to recover damages for either defamation or intentional infliction of emotional distress. The Supreme Court granted both motions, and the plaintiff appeals.
"In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference'" (J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334, quoting AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591; see Gugliotta v Wilson, 168 AD3d 817, 818-819). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181; see CPLR 3211[c]). "If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Gugliotta v Wilson, 168 AD3d at 818-819).
Under the circumstances of this case, the challenged statements were absolutely privileged as a matter of law and cannot be the basis for a defamation cause of action (see Weinstock v Sanders, 144 AD3d 1019, 1021; Rufeh v Schwartz, 50 AD3d 1002). Moreover, the challenged statements were not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" (Howell v New York Post Co., 81 NY2d 115, 122 [internal quotation marks omitted]; see Segall v Sanders, 129 AD3d 819, 821; see also Leibowitz v Bank Leumi Trust Co. of N.Y., 152 AD2d 169). Thus, the statements could not be a basis for an intentional infliction of emotional distress cause of action.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court