Gill v Dougherty (2020 NY Slip Op 06758)





Gill v Dougherty


2020 NY Slip Op 06758


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-05940
 (Index No. 70666/17)

[*1]Kathleen Gill, respondent,
v
Anthony D. Dougherty, et al., appellants.


Akerman LLP, New York, NY (Philip Touitou, Joseph G. Silver, and Sara L. Mandelbaum of counsel), for appellants Anthony D. Dougherty and Tarter Krinsky & Drogin, LLP.
Davis Wright Tremaine LLP, New York, NY (Kathleen Bolger, Laura R. Handman, and Jeremy A. Chase of counsel), for appellants Iona College and Kathleen McElroy.
Harfenist Kraut & Perlstein, LLP, Purchase, NY (Jonathan D. Kraut, Neil Torczyner, and Meredith B. Castelli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487 and defamation, the defendants Iona College and Kathleen McElroy appeal, and the defendants Anthony D. Dougherty and Tarter Krinsky & Drogin, LLP, separately appeal, from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), entered May 13, 2019. The order denied the separate motions of the defendants Iona College and Kathleen McElroy and the defendants Anthony D. Dougherty and Tarter Krinsky & Drogin, LLP, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Iona College and Kathleen McElroy and the defendants Anthony D. Dougherty and Tarter Krinsky & Drogin, LLP, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them is granted.
The plaintiff commenced this action, inter alia, to recover damages for violation of Judiciary Law § 487 and defamation against Anthony D. Dougherty, Tarter Krinsky & Drogin, LLP, Iona College (hereinafter Iona), and Kathleen McElroy. The plaintiff worked for the City of New Rochelle and previously worked as General Counsel for Iona. Dougherty worked for the law firm Tarter Krinsky & Drogin, LLP (hereinafter together the TKD defendants). McElroy worked as General Counsel for Iona (hereinafter together the Iona defendants).
The plaintiff alleged, among other things, that defamatory statements were made about her in a prior hybrid action for a declaratory judgment and proceeding pursuant to CPLR article 78. That prior hybrid action/proceeding was commenced against the City by Iona, which was represented in that hybrid action/proceeding by the TKD defendants, following a land use and zoning dispute.
The Iona defendants moved, and the TKD defendants separately moved, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. In an order entered May 13, 2019, the Supreme Court denied the motions. The Iona defendants appeal and the TKD defendants appeal separately.
We disagree with the Supreme Court's determination to deny the Iona defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The statements made with respect to the plaintiff in the prior hybrid action/proceeding were pertinent to that action/proceeding, and were therefore protected by absolute privilege (see Ifantides v Wisniewski, 181 AD3d 575, 576; Weinstock v Sanders, 144 AD3d 1019, 1021; Brady v Gaudelli, 137 AD3d 951, 952; Rabiea v Stein, 69 AD3d 700, 701). Further, the context of the complained-of statement in a campus publication was such that a reasonable reader would have concluded that he or she was reading an opinion, and not facts, about the plaintiff (see Rosner v Amazon.com, 132 AD3d 835, 837; Silverman v Daily News, L.P., 129 AD3d 1054, 1055; Hollander v Cayton, 145 AD2d 605, 605-606). Likewise, the cause of action alleging prima facie tort failed because the plaintiff did not sufficiently plead "malicious intent or disinterested malevolence as the sole motive for the challenged conduct" of the Iona defendants, and failed to sufficiently plead special damages (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772; see Nachbar v Cornwall Yacht Club, 160 AD3d 972, 973-974).
Additionally, we disagree with the Supreme Court's determination to deny the TKD defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The plaintiff failed to allege sufficient facts to establish that Dougherty intended to deceive through his actions in the prior hybrid action/proceeding (see Klein v Rieff, 135 AD3d 910, 912; Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491; see also Doscher v Meyer, 177 AD3d 697, 699). Notably, "'[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability under [Judiciary Law § 487]'" (Ticketmaster Corp. v Lidsky, 245 AD2d 142, 143, quoting Thomas v Chamberlain, D'Amanda, Oppenheimer & Greenfield, 115 AD2d 999, 999-1000). Moreover, the cause of action alleging a violation of Judiciary Law § 487 failed to sufficiently allege that the plaintiff suffered an injury proximately caused by any claimed deceit or collusion on the part of Dougherty, and no such injury can reasonably be inferred from the amended complaint (see Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 911). The cause of action alleging defamation failed because the challenged statements were absolutely privileged as a matter of law and cannot be the basis for a defamation action (see Ifantides v Wisniewski, 181 AD3d at 576; Weinstock v Sanders, 144 AD3d at 1021; Brady v Gaudelli, 137 AD3d at 952; El Jamal v Weil, 116 AD3d 732, 734; Rabiea v Stein, 69 AD3d at 701). Tarter Krinsky & Drogin, LLP, cannot be held vicariously liable for Dougherty's primary liability absent a cognizable theory of liability against Dougherty (see Karaduman v Newsday, Inc., 51 NY2d 531, 546; Pereira v St. Joseph's Cemetery, 54 AD3d 835, 837; Rojas v Feliz, 24 AD3d 652).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the Iona defendants' motion and the TKD defendants' separate motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court