Davidoff v Kaplan (2023 NY Slip Op 03450)

Davidoff v Kaplan

2023 NY Slip Op 03450

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2022-00761
 (Index No. 53178/21)

[*1]Jonathan Davidoff, respondent, 
v
Dina S. Kaplan, appellant, et al., defendant.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for appellant.
Davidoff Law Firm, PLLC, New York, NY (Danielle Shaye Shapero and Jonathan Davidoff pro se of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant Dina S. Kaplan appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated January 4, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Dina S. Kaplan which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action insofar as asserted against her is granted.
The defendant Dina S. Kaplan is an attorney who represented the defendant Eric Dorfman in a divorce action (hereinafter the divorce action). Kaplan allegedly represented to the court in the divorce action, including court personnel, that the plaintiff, an attorney and a nonparty to the divorce action, was the boyfriend of Dorfman's wife. In an email exchange between Kaplan and Herbert Adler, an attorney representing Dorfman's wife in the divorce action, Kaplan allegedly made a defamatory statement about the plaintiff, referring to him as a "wife beater . . . who is in criminal prosecution." In addition to Adler, the email was sent to court personnel and other attorneys.
The plaintiff commenced this action, inter alia, to recover damages for defamation per se (first cause of action) and defamation (second cause of action). Kaplan moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action insofar as asserted against her, arguing that her alleged defamatory statement is protected by the absolute privilege for statements made in the course of a judicial proceeding. In an order dated January 4, 2022, the Supreme Court, inter alia, denied that branch of the motion, and Kaplan appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Olden Group, [*2]LLC v 2890 Review Equity, LLC, 209 AD3d 748, 751 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Edelman v Berman, 195 AD3d 995, 996 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"The elements of a cause of action to recover damages for defamation are (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special harm or constituting defamation per se" (Laguerre v Maurice, 192 AD3d 44, 50). A false statement constitutes defamation per se if it, inter alia, "charges another with a serious crime or tends to injure another in his or her trade, business, or profession" (Matter of Konig v CSC Holdings, LLC, 112 AD3d 934, 935 [internal quotation marks omitted]; see Liberman v Gelstein, 80 NY2d 429, 435).
A statement made at any stage of a judicial proceeding in communications among the parties, witnesses, counsel, and the court, regardless of the motive with which it was made, "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (Martirano v Frost, 25 NY2d 505, 507; see Front, Inc. v Khalil, 24 NY3d 713, 718; Weinstock v Sanders, 144 AD3d 1019, 1020; Rabiea v Stein, 69 AD3d 700, 700). "The test of pertinency to the litigation is extremely liberal, so as to embrace anything that may possibly or plausibly be relevant or pertinent" (Weinstock v Sanders, 144 AD3d at 1020; see Grasso v Mathew, 164 AD2d 476, 479; Klein v McGauley, 29 AD2d 418, 420), and "any doubt should be resolved in favor of upholding the privilege" (Dachowitz v Kranis, 61 AD2d 783, 783; see Grasso v Mathew, 164 AD2d at 479).
Here, under the extremely liberal test of pertinency, Kaplan's statement allegedly referring to the plaintiff as a "wife beater . . . who is in criminal prosecution" was pertinent to the divorce action and, thus, is absolutely privileged. The email exchange between Kaplan and Adler was initially focused on a dispute over Dorfman's financial ability to pay his wife maintenance and child support. The conversation turned, however, to the behavior of the parties to the divorce action while caring for their children, and Kaplan's statement that the plaintiff is a "wife beater . . . who is in criminal prosecution" was responsive and therefore relevant to the issue of the parties' behavior (see Ifantides v Wisniewski, 181 AD3d 575, 576; Weinstock v Sanders, 144 AD3d at 1021; Rufeh v Schwartz, 50 AD3d 1002, 1004; cf. Gugliotta v Wilson, 168 AD3d 817, 819). Under the circumstances, it cannot be said that the statement was "so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" the plaintiff, who was not among the participants in the conversation, was not otherwise mentioned in the email exchange, and was not even directly identified in the statement (Martirano v Frost, 25 NY2d at 508).
Accordingly, since Kaplan's alleged defamatory statement is protected by the absolute privilege for statements made in a judicial proceeding, the Supreme Court should have granted that branch of her motion which was pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action insofar as asserted against her.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court