Landa v Brown Chiari, LLP (2023 NY Slip Op 04761)

Landa v Brown Chiari, LLP

2023 NY Slip Op 04761

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04734
 (Index No. 614389/19)

[*1]Benjamin Landa, respondent, 
v
Brown Chiari, LLP, appellant.

Brown Chiari, LLP, Buffalo, NY (Timothy M. Hudson of counsel), appellant pro se.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains, NY (Robert A. Spolzino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for abuse of process and prima facie tort, the defendant appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered May 15, 2020. The order denied the defendant's motion pursuant to CPLR 510 to change venue and pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted, and that branch of the defendant's motion which was pursuant to CPLR 510 to change venue is denied as academic.
In October 2019, the plaintiff commenced this action in the Supreme Court, Nassau County, against the defendant to recover damages for alleged torts. The plaintiff asserted causes of action alleging abuse of process and prima facie tort. Among other things, the plaintiff alleged that the defendant wrongfully named the plaintiff as a defendant in multiple actions the defendant commenced on behalf of its clients to recover damages arising out of alleged injuries the clients suffered at a nursing facility located in buildings and on land owned by the plaintiff.
The defendant moved pursuant to CPLR 510 to change the venue of the action and pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order entered May 15, 2020, the Supreme Court denied the defendant's motion. The defendant appeals. We reverse.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Cruz v City of New York, 211 AD3d 1011, 1011). Here, the plaintiff's cause of action for abuse of process is insufficient to state a cause of action because the plaintiff failed to allege that the defendant improperly used process after it was issued (see Curiano v Suozzi, 63 NY2d 113, 117; Kaufman v Kaufman, 206 AD3d 805, 807). Similarly, the cause of action alleging prima facie tort was insufficient to state a cause of action because the plaintiff did not sufficiently plead malicious intent or disinterested malevolence as the sole motive for the [*2]challenged conduct (see Gill v Dougherty, 188 AD3d 1008, 1009; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
In light of our determination, that branch of the defendant's motion which was pursuant to CPLR 510 to change venue is denied as academic.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court