Soloviev v Ross Sch. (2024 NY Slip Op 02341)

Soloviev v Ross Sch.

2024 NY Slip Op 02341

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-09503
 (Index No. 604967/21)

[*1]Stefan Soloviev, et al., appellants, 
v
Ross School, et al., respondents.

Becker & Poliakoff LLP, New York, NY (Glenn H. Spiegel and Sarah Klein of counsel), for appellants.
Hughes Hubbard & Reed LLP, New York, NY (Daniel H. Weiner and Eric Blumenfeld of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated December 7, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for negligent hiring, retention, supervision, and direction, and negligent infliction of emotional distress, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, unjust enrichment, negligent hiring, retention, supervision, and direction, and negligent infliction of emotional distress arising out of the attendance of the plaintiff Hayden Soloviev (hereinafter Hayden) at the defendant Ross School and his subsequent withdrawal therefrom when he was in the eleventh grade. The complaint alleged, among other things, that the defendant Christopher Maddalone, a teacher at Ross School, was assigned by Ross School to chaperone a school trip to South America in March 2020 in which Hayden took part, and that Maddaleone bullied and harassed Hayden during that school trip, causing Hayden to return home early. The complaint also alleged that Ross School and its administrators failed to properly investigate Maddaleone's behavior toward Hayden on the school trip. The complaint alleged that this conduct violated proscriptions in Ross School's student handbook against bullying by Ross School employees, as well as the enrollment agreement between the plaintiffs and Ross School for Hayden's attendance at the school. The complaint alleged that as a result, Hayden did not enroll at Ross School for the 2020-2021 academic year.
Prior to filing an answer, the defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. In an order dated December 7, 2021, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR [*2]3211(a)(7), the pleading is afforded a liberal construction, [and] the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Landa v Brown Chiari, LLP, 219 AD3d 1507, 1508). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, the Supreme Court properly granted dismissal of the causes of action alleging breach of contract and unjust enrichment pursuant to CPLR 3211(a)(7). The complaint failed to state a cause of action alleging breach of contract, as the plaintiffs failed to adequately allege damages resulting from Ross School's alleged breach of either the student handbook or the enrollment agreement (see Ward v Klein, 203 AD3d 1216, 1217; Denisco v Uysal, 195 AD3d 989; McSpedon v Levine, 158 AD3d 618, 621). Moreover, to the extent the cause of action alleging unjust enrichment was based on the plaintiffs' payment of tuition for Hayden to attend Ross School during the 2019-2020 academic year, this cause of action was duplicative of the cause of action sounding in breach of contract (see Guzman v Ramos, 191 AD3d 644, 648; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 684; Green Complex, Inc. v Smith, 107 AD3d 846, 849). To the extent the cause of action alleging unjust enrichment was based on the plaintiffs' payment of fees for Hayden to attend the school trip to South America, the plaintiffs failed to adequately allege that Ross School was unjustly enriched as a result of Hayden leaving the trip early (see We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 867; Croce v St. Joseph's Coll. of N.Y., 219 AD3d 693, 697).
However, the Supreme Court erred in granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action sounding in gross negligence, including the causes of action alleging negligent hiring, retention, supervision, and direction, and negligent infliction of emotional distress, which were asserted against Ross School. A cause of action alleging gross negligence exists where the conduct complained of "'smack[s] of intentional wrongdoing or evince[s] a reckless indifference to the rights of others,'" or where the defendant "'fail[s] to exercise even slight care or slight diligence'" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 802, quoting Dolphin Holdings, Ltd. v Gander & White Shipping Inc., 122 AD3d 901, 902). Here, affording the allegations in the complaint their most favorable intendment, the complaint alleges gross negligence against Ross School with respect to the causes of action alleging negligent hiring, retention, supervision, and direction, and negligent infliction of emotional distress. Accordingly, the court should not have granted dismissal of those causes of action pursuant to CPLR 3211(a)(7).
The Supreme Court properly granted dismissal of the causes of action sounding in ordinary negligence pursuant to CPLR 3211(a)(5). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 837 [internal quotation marks omitted]). "Where the language of an exculpatory agreement expresses in unequivocal terms the intention of the parties to relieve a defendant of liability for its own negligence, the agreement will be enforced" (id. [internal quotation marks omitted]). Here, the enrollment agreement contained a release, which, by its plain terms, barred any and all claims against Ross School or its employees for injuries sustained by Hayden at the school or during school-related activities, except those resulting from intentional conduct or gross negligence. Accordingly, the court properly granted dismissal of the causes of action sounding in ordinary negligence as barred by the release (see id. at 838; O'Hara v Magee, 212 AD3d 833, 834).
The plaintiffs' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court