Fernandes v Fernandes (2025 NY Slip Op 00847)

Fernandes v Fernandes

2025 NY Slip Op 00847

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
ROBERT J. MILLER
HELEN VOUTSINAS, JJ.

2022-07958
 (Index No. 614553/17)

[*1]Augusto Fernandes, appellant,
v
Manuel Fernandes, respondent.

Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth of counsel), for appellant.
Richard B. Stafford, Bohemia, NY, for respondent.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated August 23, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against his brother, asserting causes of action sounding in defamation. As alleged, the defendant made statements in front of others that the plaintiff "owes me more than one-half a million dollars," the plaintiff "robbed me," and the plaintiff "robbed me for over one million dollars," among similar remarks. The defendant moved for summary judgment dismissing the complaint. By order dated August 23, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"The elements of a cause of action to recover damages for defamation are (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special [damages] or constituting defamation per se" (Laguerre v Maurice, 192 AD3d 44, 50; see Davidoff v Kaplan, 217 AD3d 918, 919-920). Special damages need not be alleged or proven if a plaintiff can establish that the alleged defamatory statements constitute defamation per se (see Liberman v Gelstein, 80 NY2d 429, 435; Whelan v Cuomo, 220 AD3d 979, 981). Here, the plaintiff takes the position that the statements at issue were defamatory per se, and, thus, he need not allege or prove special damages. As relevant here, a false statement constitutes defamation per se if it charges a plaintiff with a serious crime or tends to injure a plaintiff's trade, business, or profession (see Liberman v Gelstein, 80 NY2d at 435; Laguerre v Maurice, 192 AD3d at 50).
The issue of whether particular words are defamatory presents a legal question to be resolved by the court (see Aronson v Wiersma, 65 NY2d 592, 593; Laguerre v Maurice, 192 AD3d at 50). "The words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader [or listener]" (Aronson v Wiersma, 65 NY2d at 594; see Laguerre v Maurice, 192 AD3d at 51).
Here, the parties' submissions demonstrated that the audience for the statements at issue included the parties' friends and members of their church who understood that the defendant was speaking about money that his brother, the plaintiff, owed him. In this context, the defendant made references to the plaintiff owing him at least half a million dollars and "robbing" him. Under all the circumstances and giving due consideration to the context in which they were made, these statements could not be reasonably understood as a charge that the plaintiff had committed a serious crime (see generally Liberman v Gelstein, 80 NY2d at 435). Further, these statements did not tend to injure the plaintiff's trade, business, or profession. This category of defamation per se "is limited to defamation of a kind incompatible with the proper conduct of the business, trade, profession or office itself. The statement must be made with reference to a matter of significance and importance for that purpose, rather than a more general reflection upon the plaintiff's character or qualities" (id. at 436 [internal quotation marks omitted]). Here, the statements at issue "constituted nothing more than a general reflection upon the [plaintiff's] character or qualities" (Rufeh v Schwartz, 50 AD3d 1002, 1005).
Accordingly, the Supreme Court properly determined that the statements were not defamatory per se and granted the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., GENOVESI, MILLER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court