S&P Pharmacy Corp. v Syed (2025 NY Slip Op 03216)

S&P Pharmacy Corp. v Syed

2025 NY Slip Op 03216

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07549
 (Index No. 506684/22)

[*1]S & P Pharmacy Corp., etc., et al., appellants,
v
Uwais Syed, respondent, et al., defendants.

Pervez & Rehman, P.C. (Nadia M. Pervez and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for appellants.
Joseph & Kirschenbaum LLP, New York, NY (Michael DiGiulio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 24, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Uwais Syed which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and third causes of action insofar as asserted against him, to the extent that those causes of action were based on the alleged defamatory statements numbered two, three, and four in the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Uwais Syed which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and third causes of action insofar as asserted against him, to the extent that those causes of action were based on the alleged defamatory statements numbered two, three, and four in the complaint, are denied.
The plaintiff S & P Pharmacy Corp. (hereinafter S & P) was a pharmacy doing business as Marhaba Pharmacy in Brooklyn. The defendant Uwais Syed was formerly employed as a pharmacist at S & P. The plaintiffs commenced this action against Syed, among others, inter alia, to recover damages for defamation, alleging that Syed had provided false information in connection with various negative news stories about the plaintiffs and others involved in the retail pharmacy business. In particular, in the complaint, the plaintiffs referred to five alleged defamatory statements, published between October 2020 and January 2022, which were numbered defamatory statements one through five.
Thereafter, Syed made a pre-answer motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. In opposition, the plaintiffs submitted copies of the five alleged defamatory statements. In an order dated April 24, 2023, the Supreme Court, inter alia, granted those branches Syed's motion which were to dismiss the first, second, and third causes of action, alleging defamation, libel, and slander per se, respectively, insofar as asserted against him, to the extent that those causes of action were based on the alleged defamatory statements numbered two, three, and four. In the order, the court noted, among other things, that those statements were privileged in their entirety and, therefore, not actionable. The plaintiffs appeal.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Whelan v Cuomo, 220 AD3d 979, 980 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41). "The allegedly defamatory statement must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader [or listener], and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (Whelan v Cuomo, 220 AD3d at 981 [internal quotation marks omitted]). Furthermore, "[a]lthough it is not necessary for the plaintiffs to be named in the publication, they must plead and prove that the statement referred to them and that a person hearing or reading the statement reasonably could have interpreted it as such" (DiMauro v Advance Publs., Inc., 190 AD3d 942, 944 [internal quotation marks omitted]).
A false statement constitutes defamation per se if, inter alia, it charges another with a serious crime or tends to injure another in his or her trade, business, or profession (see Davydov v Youssefi, 205 AD3d 881, 882; Kasavana v Vela, 172 AD3d 1042, 1044). A statement which "tend[s] to injure another in his or her trade, business or profession" must refer to "a matter of significance and importance" related to the proper conduct of the business, rather than "a more general reflection upon the plaintiff's character or qualities" (Rufeh v Schwartz, 50 AD3d 1002, 1004-1005 [internal quotation marks omitted]).
"A statement made at any stage of a judicial proceeding in communications among the parties, witnesses, counsel, and the court, regardless of the motive with which it was made, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (Davidoff v Kaplan, 217 AD3d 918, 920 [internal quotation marks omitted]). The privilege related to litigation extends to similar types of communications that are "pertinent to a good faith anticipated litigation" (Front, Inc. v Khalil, 24 NY3d 713, 720).
Here, the alleged defamatory statements numbered two, three, and four were not communications among the parties, witnesses, counsel, and the court, either during actual litigation or pertinent to good faith anticipated litigation. Therefore, contrary to the conclusion reached by the Supreme Court, no litigation privilege applied to those statements (cf. Davidoff v Kaplan, 217 AD3d at 919; Weinstock v Sanders, 144 AD3d 1019, 1021).
Moreover, contrary to the Supreme Court's conclusion, the entirety of the alleged defamatory statement numbered four was not privileged pursuant to Civil Rights Law § 74, which extends a privilege to "the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding" (see Rosati v Altice USA, Inc., 225 AD3d 909, 910; North Shore Towers Apts. Inc. v Kozminsky, 219 AD3d 494, 495). Rather, that portion of the alleged defamatory statement numbered four that purported to describe an attempt by the plaintiff Shazia Bibi to pay off Syed "to remain silent" or to "eliminat[e]" evidence of pharmaceutical fraud was not a fair and true report of any allegation contained in Syed's federal lawsuit related to his termination from S & P.
Under the circumstances, the allegations in the complaint were otherwise sufficient to state causes of action alleging defamation, libel, and slander per se insofar as asserted against Syed, to the extent that those causes of action were based on the alleged defamatory statements numbered two, three, and four (see Tcharnyi v Mendez, 221 AD3d 930, 931-932).
The parties' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court